[S. F. No. 3897. In Bank.—March 20, 1905.]

In the Matter of the Estate of HENRY PICHOIR, Deceased. LOUISE MOOSER et al., Appellants, v. AM. VIGNIER, Executor, et al., Respondents.

ESTATES OF DECEASED PERSONS — DISTRIBUTION — TRUSTS — DECISION UPON APPEAL—FINAL ACCOUNT—ADJUDICATION AS TO EXPENSES— MARSHALING ASSETS.—Where, upon a former appeal from a decree of distribution, this court decided that a trust created by the will of the deceased was void as to the real property and valid as to the personal property, and ordered distribution accordingly, the court below, upon the going down of the *remittitur,* properly refused an application of the beneficiaries of the trust to marshal assets so as to impose a share of the expenses of administration upon the real property, where it appeared that all such expenses were included as paid out of the personal property in the settled account of the executor, which had become a final adjudication between the parties.

ID.—RENTS AND PROFITS OF REALTY — IMPROPER RE-EXAMINATION OF
SETTLED ACCOUNT—RIGHTS OF HEIR.—The court in probate had no
power, in carrying out the decision of this court as to the distribu-
tion of the realty, to re-examine the settled account of the executor
to ascertain whether any part of the moneys included therein repre-
sented the net amount of rents and profits collected by the executor
from the real property; but the decision of this court ordering
distribution of the real .estate to the heir must be construed as
operating upon the estate in its condition at the time of the going
down of the *remittitur,* and the heir will be entitled to the rents
and profits as part of the realty which had accrued since the settle-
ment of the account rendered prior to the former appeal.

APPEAL from a decree of distribution of the Superior
Court of the City and County of San Francisco.   J. V. Coffey,
Judge.

The facts are stated in the opinion of the court.

Lindley & Eickhoff, and Charles W. Slack, for Appellants.

Smith & Pringle, and John A. Wright, for Respondents.

HENSHAW, J.—Upon a former appeal in the matter of
this estate (*Estate of Pichoir,* 139 Cal. 682) it was decided that
the trust in the will of the deceased as to the realty was void,
while the trust as to personalty was valid.   It was decided
by the judgment of this court that the real property should be
distributed to the heir at law, while the personality should
be distributed to the trustees under the trust.   Upon the going
down of the *remittitur,* application was made by the bene-
ficiaries of the trust for a marshaling of the assets in order
to impose upon the real property its proportionate share of the
expenses of administration.   The application was refused
upon the ground that the accounts of the executor, showing
payment of these expenses out of the personal property of the
estate, had been settled, and had become a final adjudication
of this question between the parties.

The view of the court in probate in this regard was upheld
in the opinion heretofore rendered on this appeal in Depart-
ment One, and, to that extent, the judgment is here affirmed.

But the court in probate, in attempting to follow the
judgment of this court in the distribution of the realty, re-
examined the accounts of the executor, ·and found that of

the personal property shown by those accounts, some $3,593.61 represented the net amount of rents collected by the executor from the real property. It held these rents and issues of the realty to be a part of the realty itself, and, accordingly, ordered distribution to the heir at law of the real property and of this sum of $3,593.61.

In this the court in probate erred. If the accounts of the executors were settled so as to conclude appellants upon the proposition that the personalty must bear the whole expense of administration, and if the accounts could not be looked into or revised for this purpose, it must equally follow that there could be no revision of them such as was here made. If the personal property shown in the accounts was personal property for one purpose, it was personal property for the other, and the judgment of this court ordering distribution of the realty to the heir at law must be construed as operating upon the estate in its condition at the time of the going down of the *remittitur*. In other words, there should have been distributed to the heir at law the realty of the estate, and the heir at law, equally with the appellants here, was estopped from reopening the executor's accounts to show that of the personal property therein contained some of it represented the rents and issues of the realty. The decree of distribution, therefore, should be modified by striking therefrom, as part of the description of the real property distributed to the heir at law, the following: "And also the sum of $3,593.61 in gold coin of the United States, being the net amount of rents appearing by the accounts of the said executor to have been received by him from the real property during his administration after deducting his expenses in the care and preservation of the said real property." But upon the other hand, there should be allowed to the heir at law, as part of the real estate, the net proceeds of the rents, issues, and profits of the real estate included in said sum of $3,593.61, which may have accrued since the settlement of the executor's accounts rendered prior to the former appeal.

It is therefore ordered that the decree of distribution be modified in accordance with the foregoing, and that upon the rehearing of the matter the court in probate shall allow to the heir at law, as part of the realty, whatever it may find to be the net proceeds of the realty by way of rents, issues, or

profits which have accrued since the settlement of the executor's said accounts.

Shaw, J., Van Dyke, J., Angellotti, J., and Lorigan, J., concurred.